J-A27002-22

2022 PA Super 8

| IN RE: ADOPTION OF: K.E.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: K.E.M. F/K/A K.E.M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1088 MDA 2022 |

Appeal from the Order Entered July 7, 2022
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  016 Adopt 2022

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY DUBOW, J.:                    **FILED: JANUARY 13, 2023**

K.E.M. ("Mother") appeals from the July 7, 2022 Order entered in the Cumberland County Court of Common Pleas that denied her Petition for Involuntary Termination of Parental Rights ("TPR Petition") filed against C.S.G. ("Father") in relation to the parties' biological child K.E.G. ("Child").  Because the trial court did not appoint legal counsel for Child during the involuntary termination of parental rights proceeding, we vacate the order and remand for a new hearing once legal counsel is appointed for Child.

The following factual and procedural history is relevant to this appeal. Mother is currently unmarried.  Child was born out of wedlock in October 2018. Father has visited Child approximately 10 times, has never filed for custody, and has never provided for Child financially.  Mother has obtained a Protection

_____

[*] Retired Senior Judge assigned to the Superior Court.

From Abuse Order against Father and Father has pleaded guilty to Stalking and related crimes where Mother was the victim.

On March 16, 2022, when Child was nearly 3½ years old, Mother filed a TPR Petition against Father and requested that the court terminate Father's parental rights pursuant to 23 Pa.C.S. 2511(a) and (b). On April 6, 2022, the trial court appointed Amy L. Owen, Esq. to serve as Child's Guardian *Ad Litem* ("GAL") and specifically ordered: "The [GAL] shall represent the best interests of the minor children. **The [GAL] shall not act as the children's attorney or represent the children's legal interests**." Order, 4/6/22 (emphasis added). The trial court did not appoint an attorney to represent Child's legal interests.

On July 7, 2022, the trial court held a hearing on Mother's TPR Petition. Father did not appear at the hearing. On the same day, the trial court issued an order and found that there was clear and convincing evidence to terminate Father's parental rights pursuant to Section 2511. However, the trial court denied the petition pursuant to Section 2512(b), which requires a parent to aver that an adoption is presently contemplated (except when the child is conceived as a result of rape or incest). 23 Pa.C.S. 2512(b).

The trial court opined: "Mother is attempting to proceed as a single parent and does not presently contemplate an adoption by another person. . . . [Section 2512(a)] does allow a single parent to proceed without an adoptive plan in the case of rape or incest, but the statute does not allow a single parent to proceed otherwise. Therefore, the [c]ourt believes it is constrained to deny

Mother's [TPR] Petition despite the fact that it finds that there are otherwise grounds to grant it." Order, 7/7/22, at ¶5. Notably, the trial court chose not to address and/or apply the Section 2901 "cause shown" exception to the statutory requirements of the Adoption Act. *See* 23 Pa.C.S. 2901.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises various issues for our review, including whether Section 2512(a) violates her constitutional rights to equal protection and due process by imposing the requirement that Mother aver a contemplated adoption in her TPR petition. *See* Mother's Br. at 4-5.

As an initial matter, we must address the fact that the trial court failed to appoint legal counsel for Child. Section 2313 of the Adoption Act provides: "The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents." 23 Pa.C.S. § 2313 (a). Further, our Supreme Court has held that "appellate courts should engage in limited *sua sponte* review of whether children have been afforded their statutory right to legal counsel when facing the potential termination of their parents' parental rights." ***In re Adoption K.M.G.***, 240 A.3d 1218, 1238 (Pa. 2020).

Section 2313(a) requires the trial court to "appoint an attorney to represent the child's legal interests, *i.e.*, the child's preferred outcome." ***In re T.S.***, 192 A.3d 1080, 1082 (Pa. 2018). The failure to appoint legal counsel constitutes a structural error which is not subject to a harmless-error analysis.

*Id.* "[T]he recognized purpose of the statute is to ensure that the needs and welfare of the children involved are actively advanced." *In re Adoption of L.B.M.*, 161 A.3d 172, 180 (Pa. 2017).

It is well-settled that "an attorney appointed as counsel to represent a child's legal interest may also serve as the child's [GAL], responsible for asserting the child's best interests, so long as the child's legal interests do not conflict with the attorney's view of the child's best interests." *K.M.G.*, 240 A.3d at 1224. However, in this case, the trial court specifically ordered the appointed GAL **not** to act as legal counsel and **not** to represent Child's legal interests. Consequently, the GAL was prohibited from acting in a dual capacity as GAL and legal counsel. Inexplicably, after ordering the GAL to refrain from acting as legal counsel for Child, the trial court failed to appoint an attorney to fulfill that role.

We acknowledge that Father did not appear at the hearing to contest the termination of his parental rights. However, this does not alleviate the trial court from its responsibility to appoint counsel for Child. Absent a parent voluntarily relinquishing his or her parental rights, there is no guarantee that a parent will not contest the termination of their parental rights at any stage of the proceeding - pre-hearing, during the hearing, post-hearing, or even on appeal. Stated another way, since Section 2313 requires the appointment of counsel for a child when one or both parents contest the involuntary termination proceeding and a parent may still contest the involuntary termination proceeding after the hearing by filing an appeal, the failure of a

- 4 -

parent to appear at a termination hearing does not alleviate the need to appoint counsel for the child. It is only when a parent has voluntarily relinquished his parental rights prior to the termination hearing that a parent has waived his right to contest the proceeding and Section 2313 no longer requires the appointment of counsel for the child.

Instantly, the failure to appoint an attorney to represent Child's legal interests constitutes structural error. Accordingly, we vacate the trial court's order denying Mother's TPR Petition without prejudice. We remand for the trial court to hold a new hearing after appointing counsel to represent Child's legal interests.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2023